UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DIAMOND-DONNELL D. BLAIR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:20-cv-01591-SEP |
| ) | |
| JODY GLORE, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Before the Court is self-represented Plaintiff Diamond-Donnell D. Blair's Motion for Leave to Proceed *in Forma Pauperis*. After reviewing the application and supporting financial information, the Court finds that Plaintiff lacks sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.70. *See* 28 U.S.C. § 1915(b)(1). For the reasons set forth below, the Court will dismiss Defendant Missouri Department of Corrections and all claims for monetary damages against the individual Defendants in their official capacities. As to all claims brought against the individual Defendants in their individual capacities and the claims against the individual Defendants in their official capacities for prospective injunctive relief, the Court will order service to issue on Plaintiff's Complaint. *See* 28 U.S.C. § 1915(d).

### Initial Filing Fee Under Prison Litigation Reform Act

Under 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is paid in full. *Id.*

Plaintiff submitted his certified inmate account statement for the period of June 1, 2020, through December 2, 2020. Doc. [6]. Plaintiff's statement shows an average monthly deposit of

$8.50. The Court will therefore assess an initial partial filing fee of $1.70, which is 20 percent of Plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), a court must dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). Even pro se complaints must allege "facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff, a prisoner at Potosi Correctional Center (PCC), files this civil action pursuant to 42 U.S.C. § 1983, alleging that the following officials at PCC and the Missouri Department of Corrections (MDOC) are interfering with his religious freedom: Jody Glore (Deputy Warden, PCC); Jennifer Price (Assistant Warden, PCC); Lonnie Smallen (Functional Unit Manager, PCC); Douglas Worsham (Supervisor of Religious Programming, MDOC); Osiris Nick (Case

Manager, PCC); and Leon Miller (former Warden, PCC). Plaintiff also names MDOC as a Defendant. All Defendants are sued in both their official and individual capacities.

Plaintiff identifies his faith as Black Hebrew Israelite, a religion that originated in the United States in 1886. He states that his "conscience dictates that he worship Yah (God) according to the religious beliefs and doctrines of the Black Hebrew Israelites religion." Doc. [1] at 7. He has a religious obligation to read the Tanakh, which is the sacred book of the Black Hebrew Israelites, and contains texts that Christians refer to as the Old Testament. *Id.* Although Black Hebrew Israelites observe Yom Kippur, Passover, and Rosh Hashana, Plaintiff states Black Hebrew Israelites are not associated with the mainstream Jewish community. *Id.* at 13. Plaintiff does not consider himself to be Jewish as associated with Orthodox, Reformed, Conservative, or Hasidic Judaism. He states that Black Hebrew Israelites are not identified as Jewish by the Caucasian Jewish community.

Plaintiff alleges Defendants enforce a policy that does not recognize his religion and imposes a substantial burden upon him. *Id.* at 8. Namely, Plaintiff seeks access to religious materials relevant to his faith (*i.e.*, the Tanakh), dietary accommodations, a rabbi trained in his faith, and the same opportunities as are afforded to mainstream religions. *Id.*

According to Plaintiff, on October 16, 2019, he was transferred to PCC's administrative segregation unit, where he remained as of the filing of this action. *Id.* at 9. In administrative segregation, Plaintiff immediately began asking Defendants Miller, Price, and Glore for dietary provisions such as unleavened bread, kosher meats, juice, and fresh fruits and vegetables to break his weekly Sabbath.[1] *Id.* He also asked to be provided with religious materials, including a Tanakh, so that he could practice his religion. *Id.* at 10. Plaintiff alleges that Defendant Miller responded that Black Hebrew Israelites "is not a religion," and refused to provide Plaintiff with his dietary requests or any religious materials. *Id.*

Additionally, Plaintiff asked Defendants Miller, Price, and Glore for a "change of religion" form to indicate Plaintiff identifies as a Black Hebrew Israelite. *Id.* at 11. Because that religion is not recognized as a religion by MDOC, Defendants have not allowed Plaintiff to officially identify as a Black Hebrew Israelite. *Id.* at 13. Plaintiff's religion is listed by PCC and MDOC as "other," which Plaintiff claims further interferes with his obtaining religious

---

[1] Plaintiff fasts each week on the Sabbath. *Id.* at 24.

accommodations. *Id.* For example, an incarcerated person whose faith is identified as "other" cannot observe traditional Jewish holy days. *Id.* at 14.

Defendant Miller responded to Plaintiff's informal resolution request (IRR) that MDOC does not have a faith group approved that is listed as Black Hebrew Israelite. This was confirmed by Defendant Doug Worsham, the Supervisor of Religious Programming for MDOC. *Id.* at 17. Defendant Miller stated that if Plaintiff were to identify as Jewish, MDOC would allow him to participate in the Jewish holy days, specifically Rosh Hashana and Yom Kippur.

Plaintiff alleges MDOC "created a policy discriminatory in nature, deprives plaintiff of his rights of free exercise of religion, and to be free of discrimination and interference." *Id.* at 19. He states this policy is enforced by Defendants Glore, Price, Miller, Smallen, Nick, MDOC, and Worsham. *Id.* MDOC has provided Plaintiff with no information regarding any penological interest justifying the deprivation of his religious freedom "other than the [MDOC] does not recognize Black Hebrew Israelites as a religion." *Id.* at 20-21. Because of Defendants' refusal to recognize Plaintiff's religion and extend accommodations to him, Plaintiff claims he has been unable to break fast and unable to study the Tanakh according to his religious dictates since October 19, 2019. *Id.* at 21. Additionally, because Defendants do not recognize Plaintiff's religion, Plaintiff is deprived of the benefits of the inmate canteen funds established by Missouri Statute § 217.195. *Id.*

Plaintiff alleges that Defendants' refusal to recognize Black Hebrew Israelites as a religion and to provide his requested accommodations substantially burdens his ability to freely exercise his religion. For relief, he seeks compensatory damages of $150,000 and punitive damages of $10,000 from each Defendant, and a preliminary and permanent injunction allowing him to observe his religious faith. *Id.* at 25.

## Discussion

**I. Claims Against the Individual Defendants in Their Individual Capacities**

To state a claim under the Free Exercise Clause of the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA), a plaintiff must first raise a question of fact regarding whether the prison has placed a substantial burden on his ability to practice his religion. *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 813 (8th Cir. 2008); *see also Weir v. Nix*, 114 F.3d 817, 820 (8th Cir. 1997) ("[a]s an initial matter, a person claiming that a governmental policy or action violates his right to exercise his religion freely must establish that the action substantially burdens his sincerely held religious belief"). "To constitute a substantial

-4-

burden, the government policy or actions . . . 'must significantly inhibit or constrain conduct or expression that manifests some central tenet of a person's individual religious beliefs; must meaningfully curtail a person's ability to express adherence to his or her faith; or must deny a person reasonable opportunities to engage in those activities that are fundamental to a person's religion." *Murphy v. Missouri Dep't of Corr.*, 372 F.3d 979, 988 (8th Cir. 2004) (alteration in original) (quoting *Weir*, 114 F.3d at 820).

Plaintiff's Complaint alleges several violations of his First Amendment rights and those rights guaranteed by RLUIPA. Specifically, Plaintiff alleges Defendants' failure to recognize his Black Hebrew Israelite religion denies him the opportunities to break his Sabbath fast, to study the Tanakh and observe holy days, and to receive inmate canteen funds. Liberally construed, his Complaint alleges that Defendants significantly inhibit his practice of a central tenent of his religious beliefs; meaningfully curtail his ability to express adherence to his faith; and deny him opportunities to engage in activities that are fundamental to his religion. *See Mbonyunkiza v. Beasley*, 956 F.3d 1048, 1053-54 (8th Cir. 2020) (quoting *Patel*, 515 F.3d 807 at 813).

Plaintiff's well-written and thorough pro se complaint survives initial review pursuant to 28 U.S.C. § 1915(e) as to the individual Defendants. The Complaint sufficiently states a § 1983 claim against all individual Defendants for violations of his First Amendment right to free exercise of religion and the rights guaranteed by RLUIPA. The Court will order the Clerk of Court to issue process, or cause process to issue, on Plaintiff's Complaint as to all individual Defendants.

**II. Claims Against the Individual Defendants in Their Official Capacities**

Plaintiff also brings his claims for monetary damages and prospective injunctive relief against the individual Defendants in their official capacities. An official capacity claim against an individual is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999); *see also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha*, 813 F.3d 1070, 1075 (8th Cir. 2016) ("A plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer . . . .").

"Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). But "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (stating that a "suit for damages against a state official in his official capacity is a suit against the State, and the State is not a person under § 1983"). Moreover, in the absence of a waiver, the Eleventh Amendment bars suit against a state official acting in his or her official capacity. *Morstad v. Dep't of Corr. & Rehab.*, 147 F.3d 741, 744 (8th Cir. 1998).

However, state officials may be sued under § 1983 in their official capacities for prospective injunctive relief without violating the Eleventh Amendment. *See Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007). Thus, Plaintiff's Complaint fails to state a claim for monetary damages against the individual Defendants in their official capacities, but it does state a plausible claim for prospective injunctive relief. For the same reasons the individual-capacity claims survive initial review, so do the official-capacity claims for prospective injunctive relief only. *See id.*; *see also Roberts v. Lombardi*, 512 F. App'x 645, 647-48 (8th Cir. 2013) (per curiam).

### III. Defendant Missouri Department of Corrections

Defendant MDOC is not suable under § 1983. "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008); *see Deretich v. Off. of Admin. Hearings*, 798 F.2d 1147, 1154 (8th Cir. 1986) (stating that "[§] 1983 provides a cause of action against 'persons' only"). As discussed above, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will*, 491 U.S. at 71. Furthermore, "[a]n agency exercising state power is not a 'person' subject to suit under section 1983." *See Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp.*, 948 F.2d 1084, 1086 (8th Cir. 1991). Moreover, the Eleventh Amendment bars suit against a state or its agencies for any kind of relief, including monetary damages. *Monroe*, 495 F.3d at 594. That immunity applies to Plaintiff's claims brought under both § 1983 and RLUIPA. *See Van Wyhe v. Reisch*, 581 F.3d 639, 654 (8th Cir. 2009) ("RLUIPA's 'appropriate relief' language does not unambiguously encompass monetary damages so as to effect a waiver of sovereign immunity from suit for monetary claims . . . by acceptance of federal money . . . .").

The Court will order the Clerk to issue process, or cause process to issue, on Defendants Jody Glore, Jennifer Price, Lonnie Smallen, Douglas Worsham, Osiris Nick, and Leon Miller in their individual capacities as well as in their official capacities for prospective injunctive relief only. The Court will dismiss without prejudice Defendant Missouri Department of Corrections and all claims for monetary damages against the individual Defendants in their official capacities.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Proceed *in Forma Pauperis* (Doc. [2]) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Plaintiff shall pay an initial filing fee of $1.70 within thirty (30) days of the date of this Memorandum and Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the Complaint, pursuant to the service agreement the Court maintains with the Missouri Attorney General's Office, as to Jody Glore, Jennifer Price, Lonnie Smallen, Douglas Worsham, Osiris Nick, and Leon Miller in their individual capacities, and to the extent Plaintiff seeks prospective injunctive relief, in their official capacities.

**IT IS FURTHER ORDERED** that Plaintiff's claims for monetary damages against Defendants Jody Glore, Jennifer Price, Lonnie Smallen, Douglas Worsham, Osiris Nick, and Leon Miller in their official capacities are **DISMISSED without prejudice**.

**IT IS FINALLY ORDERED** that Plaintiff's claims against Defendant Missouri Department of Corrections are **DISMISSED without prejudice**.

A separate Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 1st day of July, 2021.

*Sarah E. Pitlyk*
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE