**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| DIAMOND-DONNELL D. BLAIR, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:20-cv-01591-SEP |
| | ) | |
| JODY GLORE, et al., | ) | |
| | ) | |
|     Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court are Defendants Jody Glore, Jennifer Price, Lonnie Smallen, Douglas Worsham, Osiris Nick, Leon Miller, and Mark Wilkinson's Motion to Dismiss, Doc. [23], and Motion to Stay Discovery, Doc. [33], as well as Plaintiff's Motion for Pretrial Scheduling Order, Doc. [32].  For the reasons set forth below, Defendants' Motion to Dismiss is granted, and the other motions are denied as moot.

### BACKGROUND

Plaintiff Diamond Blair is an inmate incarcerated at the Potosi Correctional Center and has been housed in administrative segregation since October 16, 2019.  Doc. [22] at 1, 9.  He is a member of the Black Hebrew Israelites, which he alleges requires him to fast on Saturdays, the day the Black Hebrew Israelites recognize as the Sabbath.  *Id.* at 10, 11.  Plaintiff alleges that, after he entered administrative segregation, he "immediately" made requests for dietary accommodations, specifically asking for certain foods, including unleavened bread, kosher meats, juice, fresh fruits, and vegetables.  *Id.* at 9.  He also asserts that he requested "religious materials pertinent to his religious beliefs/religion," including the Tanakh, the sacred book of the Black Hebrew Israelites, and access to a rabbi trained in his faith.  *Id.* at 7, 8.

Plaintiff alleges that he was not provided with any accommodations and that Defendant Miller informed him that the Black Hebrew Israelites were not an approved faith group and were classified by the correctional facility as "other."  *Id.* at 12.  Plaintiff filed additional grievances, but he was informed that if he wanted to receive accommodations, he would need to declare on his "fact sheet" that he was a member of the Jewish faith because the Black Hebrew Israelites

were not recognized by the facility.  *Id.* at 13.  Thus, in addition to being denied dietary accommodations and other materials necessary to practice his religion, Plaintiff claims that he was not afforded the same opportunities to worship "as are afforded to mainstream religions recognized by Defendants."  *Id.* at 7.  Plaintiff then filed this suit, asserting that Defendants violated his right to free exercise of religion under the First Amendment of the United States Constitution.  *Id.* at 1, 6.

Plaintiff previously brought the same claims presented here in state court.  *See Blair v. Glore*, 20WA-CC00303 (Wash. Cty. Cir. Ct.) (July 27, 2020) (alleging that Defendants infringed on his right to free exercise).  In fact, just eleven days before Plaintiff filed this case, the state court dismissed his case, concluding that Plaintiff failed to state a claim upon which relief may be granted.  *See Blair v. Glore*, 20WA-CC00303 (Wash. Cty. Cir. Ct.) (Oct. 26, 2020). Specifically, the trial court found that:  (1) Plaintiff failed to exhaust his administrative remedies with respect to his allegations arising under federal law; (2) Defendants were entitled to sovereign immunity as to all claims made against them in their official capacities; (3) that Plaintiff failed to allege any personal involvement of Defendants; and (4) that Plaintiff otherwise failed to state a claim as a matter of law.  *Id.* at 3-16.  Plaintiff appealed the circuit court's decision, and, "find[ing] no error of law," the Missouri Court of Appeals affirmed.  *Blair v. Glore*, No. ED109322 (Mo. Ct. App. Aug. 24, 2021) (per curiam).

## LEGAL STANDARD

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of a complaint.  When considering a Rule 12(b)(6) motion, a court assumes the factual allegations of a complaint are true, *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989), and draws all reasonable inferences in the non-movant's favor, *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 595 (8th Cir. 2009) (citation omitted).  Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  The complaint must plead "more than labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papsan v. Allain*, 478 U.S. 265, 286 (1986)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570).

Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "The Court may consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record." *Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir. 2010) (citing *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999)). "Documents necessarily embraced by the pleadings include 'documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading.'" *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012) (quoting *Kushner v. Beverly Enters., Inc.*, 317 F.3d 820, 831 (8th Cir. 2003)).

### DISCUSSION

Defendants argue that Plaintiff's claims are barred by *res judicata* and that this lawsuit is merely an attempt to relitigate the state court's dismissal of the same claims. *See* Doc. [24] at 1. The Court agrees.

"Federal courts are required 'to give preclusive effect to state-court judgments whenever the courts for the State from which the judgments emerged would do so.'" *Brown v. Kansas City Live, LLC*, 931 F.3d 712, 714 (8th Cir. 2019) (quoting *Allen v. McCurry*, 449 U.S. 90, 96 (1980)). Whether *res judicata* bars Plaintiff's suit turns on Missouri law. *See Duffner v. City of St. Peters, Mo.*, 930 F.3d 973, 976 (8th Cir. 2019) ("To determine whether Duffner's claim is barred by *res judicata*, we look to the law of Missouri, the forum that rendered the first judgment."). Under Missouri law, res judicata bars a claim if "a final judgment on the merits has been rendered involving the same claim sought to be precluded in the cause in question." *Id.* (quoting *Brown v. Simmons*, 335 S.W.3d 481, 485 (Mo. Ct. App. 2010)). "[A] judgment of dismissal for failure to state a claim, even without prejudice, bars another trial court from considering a subsequent petition when 'the petition in the second action was in all material respects the identical petition which was previously dismissed for failure to state a claim.'" *Id.* (quoting *Bachman v. Bachman*, 997 S.W.2d 23, 26 (Mo. Ct. App. 1999)). To determine whether the same claims are asserted in both cases, Missouri courts look to the factual bases for the

claims, not the legal theories. *Chesterfield Village, Inc. v. City of Chesterfield*, 64 S.W.3d 315, 319-20 (Mo. banc 2002); *see also Duffner*, 930 F.3d at 976.

Plaintiff's state-court lawsuit, "previously dismissed for failure to state a claim," and this suit arise from the same facts and are "in all material respects . . . identical." *Duffner*, 930 F.3d at 976.  In both cases, Plaintiff complains Defendants are denying him (1) the foods he requires to observe his holy days; (2) access to the Tanakh; (3) access to a rabbi trained in his faith; and (4) the same opportunities to worship his faith as are afforded to the religions recognized by MDOC.  Thus, under Missouri law, the doctrine of *res judicata* bars this suit.  *Id.*

CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Plaintiff's Amended Complaint, Doc. [23], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Pretrial Scheduling Order, Doc. [32], is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Stay Discovery, Doc. [33], is **DENIED as moot.**

**IT IS FINALLY ORDERED** that this case is **DISMISSED with prejudice.**

An Order of Dismissal accompanies this Memorandum and Order.

Dated this 8th day of September, 2022.


_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE